■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS MARTIN HANLEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 20, 1967, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The principal issue on this appeal is whether the pretrial identification of defendant was so unfair as to be violative of due process. Defendant was indicted in November, 1966 for the crimes of robbery in the second degree, grand larceny in the first degree, and assault in the second degree, allegedly committed on June 24, 1966. The record discloses that the two victims of these crimes had ample opportunity to observe defendant under good lighting conditions during the commission thereof. Thereafter, on August 4, 1966, the two eyewitnesses were told to come to court to see if they could identify someone who fit the description they had given to the police. One of the witnesses testified that she recognized defendant as he entered the courtroom; the other witness testified that she recognized him as he was standing on the side of the courtroom in the company of several men. No one had pointed him out to them as the man who committed the crimes for which he was charged. In our opinion, the record clearly establishes that the pretrial identification procedure used in this case was not unnecessarily and prejudically suggestive; nor was the in-court identification " based on or tainted by potentially misleading circumstances in the earlier identification " (*People* v. *Rivera,* 22 N Y 2d 453, 455; *People* v. *Brown,* 20 N Y 2d 238). The circumstances under which the witnesses observed defendant prior to their in-court identification are strikingly similar to those found in the recently decided case of *People* v. *Logan* (25 N Y 2d 184) wherein the Court of Appeals held that the in-court identification was not rendered inadmissible or subject to preliminary inquiry by reason of the pretrial identification of defendant. We have examined each of the other arguments urged by defendant on this appeal and find them, on the basis of the record before us, to be without merit. Beldock, P. J., Christ and Munder, JJ., concur; Hopkins and Kleinfeld, JJ., dissent and vote to remit the case to the Criminal Term for a hearing in accordance with the following memorandum, and to hold the appeal in abeyance in the interim: On February 1, 1967, defendant was convicted of robbery in the second degree, upon a jury verdict, after a trial in which the People's case rested exclusively upon the identification testimony of two employees of a personal loan company.

After the employees had identified defendant on their direct examinations, defendant elicited from them that, after they had made photographic identifications of him, they appeared at police request in the Criminal Court for the purpose of identifying him; and on the date of their appearance in that court he was present in connection with the robbery of another personal loan company. In our opinion, the employees' identification of defendant in the Criminal Court did not violate due process as a matter of law. At the time of the robbery, they observed defendant at very close quarters for about two minutes. Subsequently, they identified his photograph among others shown to them and, while they were present in the Criminal Court, their attention was not directed by the police to him. Hence, we do not have before us a show-up used by the police to gain identifications from victim-witnesses whose opportunity for observation at the time of the crime was very brief or seriously limited by the effects of an assault (cf. *People* v. *Cooper*, 31 A D 2d 814). However, we cannot say that the trial identifications of defendant were not influenced by the prejudicially suggestive identification methods used by the police in connection with his appearance in the Criminal Court. Though he had been in custody for nearly three weeks prior to the Criminal Court identifications, the police did not use a line-up to test the employees'. photographic identifications, which were made about a month after the robbery. A detective testified that the employees were told by him that the person photographically identified by them would be in the Criminal Court charged with a crime; one of the employees testified that the detective had described the crime as the robbery of another loan company. We therefore should remit this action for a hearing wherein the People should be required to prove by clear and convincing evidence that the trial identifications of defendant were not tainted by the prejudicial circumstances surrounding the employees' identifications of him in the Criminal Court (*People* v. *Ballot*, 20 N Y 2d 600). Last, we should not decide whether defendant's Indiana burglarly conviction, committed when he allegedly was 18 years old, is a lawful predicate for his sentence as a second felony offender (cf. *People* v. *Carpenteur*, 21 N Y 2d 571). Because that issue was not raised below, the record is inadequate to support a decision whether *Carpenteur* should be extended in scope to defendant's case.