■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. AMES, JR., Appellant.—Judgment, Supreme Court, New York County, rendered March 16, 1973 (resentence), convicting defendant after a jury trial of robbery in the second degree (two counts), assault in the second degree and grand larceny in the third degree and sentencing him to indeterminate sentences with a five-year maximum on each of the robbery counts and the assault count and an indeterminate sentence with a maximum of three years on the grand larceny count, all to run concurrently, unanimously reversed, on the law and the facts, the defendant's motion to suppress the complainant Blanchette's in-court identification granted, and a new trial ordered. The complainant Blanchette was robbed of his watch, bankbook and $5 in his hallway by two men who beat him up and bloodied him by a laceration that later required nine stitches. A neighbor, Miller, briefly witnessed the crime, chased the two men from the building and flagged down a passing police car. He got in to cruise the area, telling the officers that one of the assailants was wearing a green jacket and white sneakers. About two blocks from the scene Miller spotted the defendant wearing a green army surplus jacket and white sneakers and identified him as one of the attackers. The defendant was walking alone; no blood was found on him nor any proceeds of the robbery. He had no record of prior convictions. The police took him back to the scene, but Blanchette was unable to identify him. Both were brought to the station house and again the defendant was shown to Blanchette for identification, only this time he was told that Miller had already identified him as one of his attackers. Blanchette then identified the defendant and did so again the following day while the defendant was being arraigned. Although the attempt at identification by face-to-face confrontation at the scene was permissible *(People v Logan,* 25 NY2d 184, cert den 396 US 1020), its later use at the station house, rather than a lineup, and its bolstering with the information that Miller had already made an identification, was impermissibly suggestive *(People v Hanley,* 32 AD2d 1039, mod 27 NY2d 648). It taints the only in-court identification at the trial, that of Blanchette. Miller was unable to identify the defendant at the trial. He could only say that the person arrested the night of the crime was one of the assailants. This earlier identification is evidence in chief (CPL 60.25) but its part in the jury's determination cannot be abstracted from the tainted identification by Blanchette nor the effect of two conceded errors, that the prosecutor in his summation and the court in its charge mistakenly told the jury that the police had testified that Blanchette had identified the defendant at the station house. Concur—Markewich, J. P., Kupferman, Murphy, Capozzoli and Lynch, JJ.